ANDREW JENNINGS, PLAINTIFF, v. MARGARET CON-
BOY AND OTHERS, DEFENDANTS.

*Powers — must be either beneficial or in trust — when invalid.*

One clause of a testator's will was as follows, viz.: "I give full power and authority and control to sell my property in Brooklyn to my sister, Mrs. Conboy, and to receive the rent of it — house No. 865, Pacific street, Brooklyn." *Held,* that the testator created, if anything, a power, but as such power was neither beneficial or in trust, it was not authorized by the Revised Statutes, and that as to such real estate he died intestate.

MOTION for a new trial under section 268 of the Code, after a judgment had been rendered in favor of the plaintiff, directing the usual reference in partition, and for an accounting.

*R. P. Hope,* for the motion.

*Elial F. Hall,* opposed.

DYKMAN, J.:

This is a partition suit founded on chapter 238 of the Laws of 1853. Section 2 of that law reads as follows: "Any heir or heirs claiming lands, tenements or hereditaments by descent from an ancestor, who died holding and being in possession of the same (whether such heir or heirs be in possession or not), may prosecute for the partition thereof, notwithstanding any apparent devise by such ancestor, and any possession held under the same devise, provided that such heir or heirs shall allege and establish in the same suit, action or proceeding that such apparent devise is void." John Jennings departed this life in the city of New York on the 25th day of January, 1873, leaving him surviving the plaintiff, his brother,

the defendant, Mrs. Conboy, his sister, and the other two defendants, his nieces, his only next of kin and heirs at law. He left a last will and testament, which was made and dated on the 10th day of January, 1873, and which has been duly proved and admitted to probate. At the time of his death he was the owner of the premises described in the complaint in this action, and that portion of the will which has any reference to it, is as follows: "I give full power and authority and control to sell my property in Brooklyn to my sister, Mrs. Conboy, and to receive the rent of it — house No. 865 Pacific street, Brooklyn." On the 10th day of February, 1873, Mrs. Conboy made a deed of conveyance of these premises to William Hanlen, and either the same day or the next Hanlen reconveyed the same to her, and she now claims to own the premises in fee under an execution of the power in the will. On the other hand, the plaintiff and the other defendants claim that the devise is void.

It is the duty of the courts to give force and effect to every last will and testament, and to carry its provisions into execution, if it can be done consistently, and in accordance with the rules of law on that subject. This is upon the principle that the owner of property has the legal right to give such directions to it after his death as he shall deem prudent and proper, provided such direction is consonant with the law. Now, if this provision in this will has any validity at all, it must be valid as a power, and as the creation, construction and execution of powers are now with us governed by our statutes on that subject, this devise must be tested by their provisions; and powers, as authorized by them, are general or special, and beneficial or in trust. (1 R. S., 732, article, Powers.) This is not a power in trust, either general or special, because no person or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits, to result from the alienation of the lands according to the power, and because the disposition which it authorizes is not limited to be made by any person other than the grantee of the power. (734, §§ 94, 95.) Neither is this a special power, because no persons or class of persons are designated to whom the disposition of the land under the power is to be made, and the power does not authorize the alienation of any particular estate or interest less than a freehold. (726, § 38.) It is a general power, because it authorizes the

alienation in fee of the lands embraced in the power to any alienee whatever. (732, § 77.) To be valid, however, it must be beneficial as well as general. Is it such ? "A general or special power is beneficial where no person other than the grantee has, by the terms of its creation, any interest in its execution." (§ 79.) It would seem to be a fair deduction from this section that to render a general or special power a beneficial one the grantee of the power must have an interest in its execution. Here the grantee of the power has no interest in its execution ; and not only so, if the power could be exercised by a sale of the land the proceeds would, of course, take the direction which would be given them either by this will or by the law, and either direction would make others beside the grantee interested.

As this examination of the statutes shows that this provision is not valid as a power, its entire invalidity follows; and it likewise follows that, as to his real estate, the testator died intestate. The case was, therefore, properly disposed of at Special Term, and the motion for a new trial must be denied, with costs.

Present — GILBERT and DYKMAN, JJ. BARNARD, P. J., not sitting.

Motion for new trial denied with costs.